IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JO ANNE EGELKROUT,

                                                    OPINION AND ORDER
                    Plaintiff,
                                                        22-cv-118-bbc
            v.

ASPIRUS, INC.,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this civil action for damages, plaintiff Jo Anne Egelkrout alleges that her former employer, Aspirus, Inc., discriminated against her on the basis of her religion and violated the Americans with Disabilities Act (ADA) when it required her to either be vaccinated against the Covid-19 virus or submit to regular testing as a condition of her employment. Defendant moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Dkt. #5.  As explained below, I find that the allegations in the complaint conclusively establish that plaintiff cannot establish a prima facie case of religious discrimination.  Further, plaintiff failed to exhaust her administrative remedies with respect to her ADA claim.  Accordingly, I will dismiss the complaint in its entirety.

1

ALLEGATIONS OF THE COMPLAINT

Plaintiff Jo Anne Egelkrout is a resident of Wisconsin and a practicing Catholic. Defendant Aspirus, Inc. is a non-profit health care organization that operates four hospitals, 75 clinics, hospice care, pharmacies, and provides other health care services.

On August 19, 2019, plaintiff began employment with defendant as a Provider Insurance Enrollment Coordinator. In response to the Covid-19 pandemic, defendant required plaintiff to work remotely from her home starting on April 1, 2020. Plaintiff worked from her home for the entirety of her employment with defendant.

On December 5, 2020, defendant issued an email to all of its employees about the Covid-19 vaccine. Defendant encouraged all of its employees to get a Covid-19 vaccine as soon as the vaccine became available, but said it would not require it. In a follow-up email on December 11, 2020, defendant asked each employee to notify defendant by December 24, 2020, whether the employee would receive or decline the vaccine. Plaintiff declined.

On August 5, 2021, defendant notified its employees that it was requiring unvaccinated employees, including those working remotely, to submit to bi-weekly testing for the Covid-19 virus as a safety measure to prevent employees from spreading the virus to other employees or patients. On September 8, 2021, plaintiff wrote to defendant, stating that she objected to being vaccinated for Covid-19 because it violated her sincerely held religious beliefs. (Plaintiff alleges that the vaccines being offered by defendant were developed through the use of cell lines from aborted fetuses, which conflicts with her Catholic faith's views on abortion.) She further expressed her view that the testing

2

requirement was not a reasonable accommodation of those beliefs, explaining that she was working remotely and therefore did not pose a threat of infection to other employees or patients. On September 10, 2021, defendant notified plaintiff that if she did not submit test results to defendant by September 11, 2021, she would be placed on unpaid administrative leave.

On September 10, 2021, plaintiff was contacted by one of defendant's employees, Hang McDonald, who told her that her request for a religious exemption was denied and that defendant would not respond to plaintiff's request for more information regarding the Covid-19 testing. Plaintiff was placed on administrative leave on September 13, 2021. The next day, McDonald and plaintiff's manager, Megan Gazda, contacted plaintiff and advised her that she would be terminated if she did not comply with the testing requirement. Plaintiff responded that she could not agree to the testing until defendant provided her with more information. Defendant then told plaintiff she was terminated.

Plaintiff then began looking for a new job. However, on September 20, 2021, defendant's HR department sent an email to plaintiff's personal email address, stating that defendant was still awaiting the results of plaintiff's Covid-19 test. After plaintiff said she didn't understand why she needed to submit a test if she had been terminated, defendant's employee, Rachel Martin, contacted plaintiff and told her she was still employed and could come back to work as soon as she submitted a Covid-19 test. Plaintiff asked for permission to take a saliva test, which she could do from home without exposing herself to any chemicals. Although Martin initially said defendant would not accept a saliva test, she later

contacted plaintiff and told her a saliva test was acceptable, provided she submitted it by October 11, 2021. Plaintiff took a saliva test, which was negative, and emailed the results to defendant on October 6, 2021.

Believing that she could now return to her employment with defendant, plaintiff attempted to log in to defendant's computer system, but was unable to gain access.

Plaintiff then accepted a job with a new employer. (Plaintiff does not specify in her complaint when this occurred.) After she did so, defendant notified her that she could log back on to defendant's computer system. Plaintiff logged on to the system and gave two weeks' notice to defendant.

Plaintiff, representing herself, filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on November 16, 2021. The EEOC issued plaintiff a right to sue letter on December 3, 2021.


OPINION

Plaintiff asserts two causes of action: (1) religious discrimination under Title VII of the Civil Rights Act of 1964; and (2) discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(1). Defendant moves to dismiss both claims under Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 878 (7th Cir. 2012). When deciding a Rule 12(b)(6) motion to dismiss, the court must "accept all well-pleaded facts as true and draw reasonable inferences in the

plaintiff's favor." <u>Roberts v. City of Chicago</u>, 817 F.3d 561, 564 (7th Cir. 2016) (citing <u>Lavalais v. Vill. of Melrose Park</u>, 734 F.3d 629, 632 (7th Cir. 2013)). Although this ordinarily benefits the plaintiff, a plaintiff may "plead herself out of court by pleading facts that establish an impenetrable defense to her claims." <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing <u>Massey v. Merrill Lynch & Co.</u>, 464 F.3d 642, 650 (7th Cir. 2006)). This occurs "'when it would be necessary to contradict the complaint in order [for the plaintiff] to prevail on the merits.'" <u>Blagojevich</u>, 526 F.3d at 1086 (quoting <u>Kolupa v. Roselle Park Dist.</u>, 438 F.3d 713, 715 (7th Cir. 2006)).

Assuming the plaintiff does not plead herself out of court, the complaint will survive if it "state[s] a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

## A.   <u>Title VII Religious Discrimination</u>

Title VII directs that it shall be unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's religion[.]" 42 U.S.C. § 2000e-2(a)(1). The parties agree that, to prove her Title VII claim for failure to accommodate her religion, plaintiff must prove: (1) "the observance or practice conflicting with an employment requirement is religious in nature;" (2) the

employee "called the religious observance or practice to [the] employer's attention;" and (3) "the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment." Adeyeye v. Heartland Sweeteners, LLC, 721 F.3d 444, 449 (7th Cir. 2013) (quoting Porter v. City of Chicago, 700 F.3d 944, 951 (7th Cir. 2012) (internal quotations omitted)).

Defendant argues that plaintiff's complaint must be dismissed because her own allegations show that defendant did not have any employment requirement that conflicted with her religious beliefs. As defendant notes, plaintiff has identified her religious belief as being a practicing Catholic, and she contends that receiving a Covid-19 vaccine would violate her religion's views against abortion. Defendant does not deny that plaintiff's religious beliefs and opposition to the vaccine are genuinely held. It notes, however, that defendant never *required* plaintiff or any other employee to receive the Covid-19 vaccine, a fact plaintiff acknowledges in her complaint. Cmplt., dkt. #1, ¶15 ("Defendant stated that it would not force any employee to receive the Covid-19 vaccine[.]"). Rather, argues defendant, the employment obligation that plaintiff challenges is the *testing* requirement for unvaccinated employees. As defendant points out, plaintiff makes no claim that the testing requirement conflicted with her genuinely held religious beliefs. Instead, plaintiff opposed the testing for personal and medical reasons, namely: (1) it would increase the risk of Covid-19 infection by requiring her to come into defendant's building to test, and (2) the type of testing defendant offered would expose her to chemicals. Cmpt., dkt. #1, at ¶¶ 20, 21. (In her brief, plaintiff now says these chemicals were "carcinogens," but she did not say that in her

September 8, 2021 letter to her employer, in her EEOC charge, or in her complaint.)  As defendant points out, however, Title VII does not require an employer to accommodate a "purely personal preference."  Anderson v. U.S.F. Logistics (IMC) Inc., No. IP 00-1364 TG, 2001 WL 114270, at *9 (S.D. Ind. Jan. 30, 2001), aff'd, 274 F.3d 470 (7th Cir. 2001) (quoting Vetter v. Farmland Indus., Inc., 120 F.3d 749, 751 (8th Cir.1997)); see also Tiano v. Dillard Dep't Stores, Inc., 139 F.3d 679, 682 (9th Cir. 1998).

Plaintiff frames her complaint differently.  As she sees it, by imposing the testing requirement only on unvaccinated employees, defendant "linked" the testing to getting a vaccine.  Therefore, she argues, she was "forced" to chose between two undesirable options: (a) getting the vaccine, which would violate her religious beliefs, or (b) submitting to testing, which would potentially expose her to harmful chemicals or people infected with Covid-19. In plaintiff's view, the fact that she objected on religious grounds to vaccination triggered defendant's obligation to offer her a reasonable accommodation, which she insists the testing requirement was not.

Defendant's argument is more persuasive.  The first question in a Title VII religious discrimination case is "whether the employee's job obligations are in conflict with [her] religious obligations  . . . [for] absent a conflict, it makes no sense to speak of a duty to accommodate; there is no competing claim on the employee for which the employer must make adjustments."  Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 76 (1986)(Stevens, J., concurring in part and dissenting in part).  It is undisputed that defendant did not mandate its employees to get vaccinated against Covid-19.  Nor did plaintiff suffer any

reduction in pay, unpaid leave, or other loss of employment benefits as a consequence of not getting vaccinated.  Rather, defendant required its employees to *either* (a) get vaccinated, *or* (b) submit to testing.  Clearly, plaintiff thinks option (b) was unreasonable, but she does not allege or argue that the testing option conflicted with her religious obligations.  Having acknowledged that she was given an alternative that did not conflict with her religious observances, plaintiff has pled her way out of the first element of her claim.  Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 88 (1977) duty to accommodate arises when the employee can comply with the employer's rule "*only* by violating what the employee views as a religious commandment") (Marshall, J., dissenting)(emphasis added).

Even if I were to adopt plaintiff's view of the testing requirement as an "accommodation" of her religious opposition to vaccination, her complaint still fails to state an actionable claim of religious discrimination under Title VII.  As plaintiff's brief makes clear, her claim that the testing requirement was unreasonable is based on her view that defendant was required to "work with her" and offer alternatives to the testing requirement that did not require her to take a nasal swab test at one of defendant's facilities.  Br. in Supp., dkt. #9, at 7.  She is mistaken.  In Philbrook, 479 U.S. at 68, the Supreme Court ruled that "any reasonable accommodation by the employer is sufficient to meet its accommodation obligation," and that an employer who has offered such "need not further show that each of the employee's alternative accommodations would result in undue hardship."  Thus, it is irrelevant that plaintiff proposed alternatives that she insists would have addressed her concerns about Covid-19 transmission without subjecting defendant to

8

any undue hardship.  An employee is not entitled to the accommodation of her choice, just a reasonable one.  Wright v. Runyon, 2 F.3d 214, 217 (7th Cir. 1993) ("The USPS admittedly did not investigate every possible way in which Wright could avoid a conflict between his work requirements and his religious practices. But, by providing at least one reasonable accommodation, the USPS discharged its obligations.").  Here, assuming defendant had a duty to accommodate plaintiff's religious beliefs, it discharged that obligation by permitting her to submit to biweekly Covid-19 testing at one of defendant's facilities.  Because that option "eliminate[d] the conflict between [defendant's] employment requirements and [plaintiff's] religious practices," it was reasonable.  Philbrook, 479 U.S. at 70.  What is more, defendant *did* work with plaintiff, ultimately allowing her to submit a saliva test that she took at home.

In sum, the allegations of the complaint establish that defendant did not take any adverse employment actions against plaintiff because of her religion.  Accordingly, Count 1 must be dismissed.

## B.  ADA Claim

The ADA provides, in relevant part:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A).  In her second cause of action, plaintiff alleges that defendant's testing requirement was unnecessary and not job related because she worked from home and did not have contact with patients or other employees.  As defendant acknowledges, a non-disabled individual may bring a claim under this provision of the ADA.  Wright v. Ill. Dep't of Child & Fam. Servs., 798 F.3d 513, 526 (7th Cir. 2015) ("All employees, regardless of whether they have a qualifying disability under the ADA, are protected under this subsection.").

Defendant moves for dismissal on the ground that plaintiff failed to properly exhaust her administrative remedies with respect to this claim by failing to include it in her EEOC charge.  Before bringing a lawsuit under the ADA, a plaintiff must file a charge of discrimination with the EEOC.  Riley v. City of Kokomo, 909 F.3d 182, 189 (7th Cir. 2018); 42 U.S.C. § 12117(a) (applying Title VII remedies and exhaustion procedures to the ADA). If she files suit in federal court, the plaintiff "may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019) (quoting Geldon v. S. Milwaukee Sch. Dist., 414 F.3d 817, 819 (7th Cir. 2005)).  The purpose of this requirement is two-fold:  (1) to allow the EEOC and the employer an opportunity to settle the matter; and (2) to ensure that the employer has adequate notice of the conduct the employee is challenging.  Id.

The issue here is whether the ADA claim asserted in plaintiff's complaint is "like or reasonably related" to the claims she asserted in her EEOC charge.  Claims are "like or

reasonably related" when (1) "there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). At a minimum, the EEOC charge and the complaint must describe the same conduct and implicate the same individuals. Id. at 501.

Plaintiff described her claim in her EEOC charge as follows:

> I began working for the Respondent August 19, 2019 as a Provider Insurance Enrollment Coordinator. Respondent instituted a vaccine/Covid-19 testing mandate. I notified the Respondent of my religious belief and my need for an accommodation from the mandate. Respondent indicated if I had not received the vaccine, I would need to agree to biweekly Covid-19 testing. Respondent indicated on September 8, 2021, if I did not agree to comply with the testing mandate by September 11, 2021, I would be placed on an unpaid suspension. I did not agree to comply and was placed on an unpaid suspension. I did request to be allowed to use the State of Wisconsin Department of Health 'at home' test, which originally was denied but a week later was allowed.
>
> I believe the Respondent discriminated against me due to my religion (Catholic) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. # 6, Exh. A.

Even giving the EEOC charge a liberal reading, nothing therein would have reasonably put defendant and the EEOC on notice that plaintiff was raising an ADA challenge to the testing policy. Plaintiff voiced no objection to the testing mandate in her EEOC charge except to say that she did not agree to comply with it. She did not say, as she does in her complaint, that the testing requirement constituted a "medical examination" that was not

11

justified by business necessity, nor did she mention the ADA. Moreover, she never said that the testing requirement was "invasive and unnecessary," as she claims in her opposition brief. Her EEOC charge referred only to religious discrimination under Title VII, which is a completely different claim. The "reasonably related" concept does not extend this far. See Riley, 909 F.3d at 190 (plaintiff's claim that she was denied a reasonable accommodation under the ADA was outside the scope of the EEOC charge, which alleged only that plaintiff believed she had been terminated from her job because of her disability; although both claims arose under the ADA, they were analytically distinct); Miller v. American Airlines, Inc., 525 F.3d 520, 526 (7th Cir. 2008) (grounded flight engineers' claim in EEOC charge that defendant discriminated them on basis of their age when it offered them low-salaried positions in violation of bargaining agreement was much narrower than and not reasonably related to their claim in federal court that bargaining agreement was discriminatory on its face); Ajayi v. Aramark Business Services, Inc., 336 F.3d 520, 527–28 (7th Cir. 2003) (affirming dismissal of age discrimination claim where plaintiff complained of national origin discrimination but did not mention age anywhere in the charge, even though the alleged discrimination involved the same individuals); Cheek, 31 F.3d at 504 (plaintiff did not refer to conduct in her EEOC charge that might invoke legal theory other than one she checked on her EEOC charge form). Accordingly, Count II must be dismissed for lack of exhaustion.

ORDER

IT IS ORDERED that defendant's motion to dismiss the complaint, dkt. #5, is GRANTED.  The clerk of court is to enter judgment for defendant and close this case.

Entered this 20th day of July, 2022.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

13